# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MYCKEL ANTHONIE MCMILLAN,

        Plaintiff,

   v.

HENNING, INC.,

        Defendant,

Case No. 3:25-cv-00026-SLG

## SCREENING ORDER

On February 2, 2025, self-represented litigant Myckel Anthonie McMillan ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive payment of the Court's filing fee.[1] On April 17, 2025, Plaintiff filed a motion to add the Municipality of Anchorage as a defendant,[2] and on May 13, 2025, Plaintiff filed an amended complaint naming Henning, Inc. as the sole defendant.[3]

Rule 15(a) of the Federal Rules of Civil Procedure and Alaska Local Civil Rule 15.1 govern the process for amending pleadings. Because service has not been ordered in this case, the Court considers the filing at Docket 6 to be the operative complaint in this case.[4] Because an amended complaint replaces the prior complaint in its entirety,[5] the Court only considers the information provided in

---

[1] Dockets 1-3.

[2] Docket 5 at 1.

[3] Docket 6 at 2 (indicating he is naming "no other defendant; just Henning, Inc.") (cleaned up).

[4] *See* Fed. R. Civ. P. 15(a) (plaintiff may amend a complaint *once* as a matter of course within 21 days after service or within 21 days of after service of a responsive pleading or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f)) (emphasis added).

[5] *See* L. Civ. R. 15.1(a) ("amended pleading must not incorporate by reference any prior

the amended complaint at Docket 6. For the same reason, the motion to add defendants at Docket 5 is DENIED as moot.[6] Should Plaintiff choose to file an amended complaint in the future, he must follow the proper procedure as required by the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[7]

The Court has now screened the Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. In the Amended Complaint, Plaintiff claims that on or about February 19, 2024, he was using his personal cell phone to record alleged abuses by unnamed staff at a shelter run by Henning, Inc.[8] Plaintiff claims several unnamed staff physically assaulted him and destroyed his cell phone.[9] Plaintiff's Amended Complaint includes claims of vicarious liability, negligence, and cruel and unusual punishment.[10] For relief, Plaintiff seeks $9,999 in damages and $75 million in punitive damages.[11]

---

pleading, including exhibits"); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citations omitted).

[6] A plaintiff cannot simply add on new claims or defendants by motion or declaration. In order to amend a complaint, a plaintiff must submit a new complaint with all the claims the plaintiff seeks to allege.

[7] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[8] Docket 6 at 3.

[9] Docket 6 at 3.

[10] Docket 6 at 3.

[11] Docket 6 at 7.

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 2 of 15
Case 3:25-cv-00026-SLG   Document 7   Filed 06/30/25   Page 2 of 15

For the reasons discussed in this order, Plaintiff's Amended Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[12] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[13]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[14] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or

---

[12] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[13] 28 U.S.C. § 1915(e)(2)(B).

[14]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 3 of 15
Case 3:25-cv-00026-SLG   Document 7   Filed 06/30/25   Page 3 of 15

unwarranted deductions of fact.[15] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[16] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[17]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[18] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[19]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

[15] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[16] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[17] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[18] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[19] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 4 of 15
Case 3:25-cv-00026-SLG     Document 7     Filed 06/30/25     Page 4 of 15

[complainant] is entitled to relief[.]"[20] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[21] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[22] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[24] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the

---

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[22] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[23] *Ashcroft,* 556 U.S. at 678.

[24] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 5 of 15
Case 3:25-cv-00026-SLG     Document 7     Filed 06/30/25     Page 5 of 15

conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[25]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

### A. Who is a proper defendant

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[26] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[27] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[28]

To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[29] Section 1983 does not confer constitutional or federal statutory rights.

---

[25] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[26] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[27] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[28] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[29] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 6 of 15
Case 3:25-cv-00026-SLG   Document 7   Filed 06/30/25   Page 6 of 15

Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[30]

Section 1983 allows plaintiffs to bring federal constitutional and statutory claims against state and local officials.[31] A defendant must be a "person" under Section 1983. States and state agencies are not considered "persons" under Section 1983.[32] However, a municipality (such as a city or county) may be considered a "person" in certain circumstances.[33] But Henning, Inc. appears to be a private nonprofit that operates homeless shelters and emergency warming centers under municipality-managed contracts; it does not appear to be a government entity.

A plaintiff cannot maintain a civil rights claim against nongovernmental entities or individuals unless he can establish that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State."[34] Receiving government funding alone is not sufficient to demonstrate that the employees of a private entity were acting under color of state law.[35] The traditional definition of

---

[30] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[31] *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citation omitted).

[32] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989).

[33] *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (holding municipalities are "persons" under § 1983 and can be sued for constitutional violations, but only if the violation was caused by a municipal policy or custom). *See also Will,* 491 U.S. at 70 (explaining that *Monell* is limited to "local government units which are not considered part of the State").

[34] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). *See also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").

[35] *Caviness v. Horizon Cmty. Learning Ctr., Inc.,* 590 F.3d 806, 813 (9th Cir. 2010) ("Receipt of

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 7 of 15
Case 3:25-cv-00026-SLG     Document 7     Filed 06/30/25     Page 7 of 15

acting under color of state law requires that the defendant in a Section 1983 action has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[36] The Ninth Circuit has identified four general approaches to determine whether private conduct is attributable to the state or local government: 1) public function, 2) joint action/participation, 3) governmental compulsion or coercion, and 4) governmental nexus.[37] The employees of Henning, Inc. do not appear to be employed by the state or the municipality. Therefore, to bring claims against individuals employed by Henning, Inc., Plaintiff must plead sufficient facts sufficient to demonstrate how its employees' actions are attributable to the State or a municipality.

Vicarious liability is a legal doctrine that holds one party liable for the actions of another, based on their relationship — even if the first party did nothing wrong themselves.[38] Respondeat Superior, the most common type of vicarious liability, holds that an employer can be held liable for the wrongful acts committed by their employees if those acts occur within the scope of employment.[39] But vicarious liability is not available under Section 1983. Instead, a supervisor can be held liable

---

public funds and extensive regulation do not convert private conduct into state action.").

[36] *West v. Atkins*, 487 U.S. 42, 49 (1988) (*citing United States v. Classic*, 313 U.S. 299, 326 (1941)).

[37] *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). *See also Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc).

[38] *Meyer v. Holley,* 537 U.S. 280 (2003).

[39] *Cf. Doe v. Samaritan Counseling Ctr.,* 791 P.2d 344, 347 (Alaska 1990) (explaining that Alaska courts apply respondeat superior when an employee's conduct is "reasonably foreseeable and sufficiently related" to job duties.").

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 8 of 15
Case 3:25-cv-00026-SLG     Document 7     Filed 06/30/25     Page 8 of 15

in his individual capacity under Section 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[40] Similarly, even if Plaintiff can establish that Henning, Inc. was a government actor, the company may be held liable under Section 1983 "only for '[its] *own* illegal acts.'"[41] It cannot be held vicariously liable for its employees' actions.[42] Therefore, Plaintiff must not bring claims of vicarious liability claims under Section 1983 in an amended complaint.

Rather, a civil rights complaint must name the individuals that a plaintiff maintains violated his federal constitutional rights. Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all the parties." Further, a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[43] Vague and conclusory allegations of constitutional violations are not sufficient.[44] A complaint must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[45]

---

[40] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[41] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)) (emphasis in original).

[42] *Id.* (citations omitted).

[43] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[44] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[45] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 9 of 15
Case 3:25-cv-00026-SLG   Document 7   Filed 06/30/25   Page 9 of 15

Plaintiff must not bring claims against Henning, Inc. employees generally in an amended complaint. A plaintiff may use a "Doe" defendant designation to refer to a defendant whose name is unknown; however, he must number each such Doe defendant in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person, and explain the specific action(s) each John Doe took, when that action was taken, and how that action resulted in injury or harm to Plaintiff.

### B. Plaintiff's Claims

#### *1. Cruel and Unusual Punishment*

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.[46] The Amendment also imposes requires prison officials to provide humane conditions of confinement; such as ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."[47] However, the protections of the Eighth Amendment are "reserved for 'those convicted of crimes' ...."[48] Plaintiff was not a convicted prisoner in the custody of the State at the time of the alleged violations, and as such, the Eighth Amendment does not apply.

---

[46] *See Hudson v. McMillian,* 503 U.S. 1 (1992).

[47] *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984).

[48] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 10 of 15
Case 3:25-cv-00026-SLG     Document 7     Filed 06/30/25     Page 10 of 15

Therefore, claims under the Eighth Amendment must not be included in any amended complaint.

### 2. *Unreasonable Seizures and Excessive Force*

While claims of unreasonable seizure and excessive force are most commonly associated with police officers, other state actors can also be liable under Section 1983 if they act under color of state law and violate constitutional rights. If a state actor unreasonably prevents someone from leaving a room or otherwise restricts his movement, even briefly, it may be considered an unreasonable seizure under the Fourth Amendment.[49] Claims of excessive force during such seizures are evaluated under the Fourth Amendment's reasonableness standard.[50] To determine whether force was "reasonable" under the Fourth Amendment, courts must carefully balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[51]

But here again, a claim under the Fourth Amendment can only be brought against a government actor. Claims against persons who are not government

---

[49] *Rodriguez v. City of Fresno,* 819 F.Supp.2d 937 (2011). *See also Florida v. Royer,* 460 U.S. 491 (1983) (agreeing that refusing to allow someone to leave a room can be an unconstitutional seizure).

[50] *Graham v. Connor*, 490 U.S. 386 (1989). *See also* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.25 and the cases cited therein.

[51] *Graham v. Connor,* 490 U.S. 386, 396 (1989) (internal quotation marks omitted).

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 11 of 15
Case 3:25-cv-00026-SLG   Document 7   Filed 06/30/25   Page 11 of 15

actors can not be brought in a federal civil rights case; they may be pursued as a claim for assault and battery under state tort law.

### 3. Supplemental Jurisdiction over State Tort Claims

Civil assault, battery, and negligence claims do not arise under U.S. Constitution or a federal statute. Instead, they are tort claims grounded in state law and typically addressed in state court.[52] A federal court may assert supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as a federal claim, but a plaintiff must first have a cognizable claim for relief under federal law for the case to proceed in federal court.[53]

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[54] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[55] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific

---

[52] *See Keller v. French*, 205 P.3d 299, 303–04 (Alaska 2009) (explaining that assault requires an act that puts the plaintiff in reasonable apprehension of immediate bodily harm).

[53] 28 U.S.C. § 1367(a).

[54] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[55] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 12 of 15
Case 3:25-cv-00026-SLG    Document 7    Filed 06/30/25    Page 12 of 15

injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[56] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's Amended Complaint at **Docket 6 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Amended Complaint that are identified in this order.

2.  Plaintiff's motion at **Docket 5 is DENIED as moot.**

3.  Plaintiff is accorded **60 days** from the date of this order to file either:

---

[56] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 13 of 15
Case 3:25-cv-00026-SLG   Document 7   Filed 06/30/25   Page 13 of 15

a. <u>Second Amended Complaint</u>, in which Plaintiff revises his Amended Complaint to address the deficiencies identified in this order. A second amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

4. Plaintiff's application to waive payment of the filing fee at **Docket 3 is GRANTED.**

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[57] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

---

[57] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 14 of 15
Case 3:25-cv-00026-SLG    Document 7    Filed 06/30/25    Page 14 of 15

7. At all times, all parties must keep the Court informed of any change of address or phone number. Such notice must be titled "Notice of Change of Address." The Notice must contain only information about the change of address, and its effective date.[58] The Notice must not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 30th day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[58] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00026-SLG, *McMillan v. Henning, Inc.*
Screening Order
Page 15 of 15
Case 3:25-cv-00026-SLG   Document 7   Filed 06/30/25   Page 15 of 15